J-S58028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRUCE WAYNE MILLER | |
| Appellant | No. 1984 MDA 2015 |

Appeal from the Order Entered April 22, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000425-2011

BEFORE:  GANTMAN, P.J., BOWES AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 28, 2016**

Bruce Wayne Miller appeals *pro se*[1] from the judgment of sentence of one to three years imprisonment that was imposed after he violated a technical condition of his special probation.[2] We affirm.

_____

[1] On April 4, 2016, we remanded this matter for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine whether Appellant voluntarily waived his right to counsel.  Following an on-the-record colloquy, the trial court accepted Appellant's waiver of counsel as knowing and voluntary.

[2]  As opposed to typical "state" probation, special probation is an order of probation entered by the trial court that directs the Pennsylvania Board of Probation and Parole to supervise the probationary term of a state sentence but permits the trial court to retain the power to revoke probation under 42 Pa.C.S. § 9771 and impose a new sentence.  **See** 61 Pa.C.S. § 6133(a) ("The board shall have exclusive power to supervise any person placed on
*(Footnote Continued Next Page)*

*  Retired Senior Judge assigned to the Superior Court.

On July 11, 2011, Appellant pled guilty to possession with intent to deliver (oxycodone). On May 31, 2013, the trial court imposed thirteen to thirty-six months imprisonment followed by two years of special probation to be supervised by the Pennsylvania Board of Probation and Parole ("the Board").[3] We dismissed the ensuing appeal due to Appellant's failure to file a brief.

As it relates to the issues addressed herein, one of the conditions of special probation proscribed Appellant from traveling outside of the five-county supervisory district governed by the Board's Allentown office.[4] Appellant began serving the special probation on May 15, 2014. On January

(Footnote Continued) ─────────────

probation by any judge of a court having criminal jurisdiction, when the court by special order directs supervision by the board."); **Commonwealth v. Mitchell**, 955 A.2d 433 (Pa.Super. 2008). As Judge Klein explained in the concurring statement he authored in **Mitchell**, **supra** at 441, "by using special probation[,] . . . the [state] agent handling the parole will also handle the probation. At the same time, the trial judge retains his or her authority to resentence if there is a violation. This scheme is logical and maintains judicial discretion without duplicating effort."

[3] The trial court initially imposed the thirteen to thirty-six month judgment of sentence on February 28, 2012. On March 12, 2013, we vacated that sentence and remanded for further proceedings to supplement the record. **See Commonwealth v. Miller**, 69 A.3d 1289 (Pa.Super. 2013) (unpublished memorandum). On May 31, 2013, the trial court supplemented the record and re-imposed the original sentence.

[4] The Allentown District comprised Bucks, Berks, Schuylkill, Lehigh, and Northampton Counties. N.T., 4/22/15, at 3. Appellant admitted to the supervising agent that he traveled outside the five-county district without authorization on approximately five occasions. **Id**. at 4, 6, 8.

- 2 -

22, 2015, Appellant's probation agent filed a notice of technical violation alleging that Appellant had traveled outside the district without permission. Appellant waived his *Gagnon I* hearing.[5]

On March 24, 2015, Appellant filed a petition to vacate the *Gagnon II* violation of probation ("VOP") proceeding because the travel restriction was not imposed by the trial court and due to the approximately three-month delay between the date of the underlying traffic citation and the date that the Commonwealth issued notice of the violation of probation proceeding. The trial court denied the motion, and following the VOP hearing on April 22, 2015, it found Appellant in technical violation of the conditions of his probation. The court revoked special probation and imposed one to three years imprisonment. Appellant filed a timely post-sentence motion for reconsideration[6] and within thirty-days of the date the motion was denied by

_____

[5] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (defendant accused of violating probation is entitled to two hearings: 1) a pre-revocation hearing to determine probable cause of a violation; and 2) a revocation hearing to establish violation and determine whether revocation is warranted).

[6] The motion for reconsideration noted that Appellant secured employment, abstained from criminal activity, and desired to "continue working on his rehabilitation with community-based supervision." Motion for Reconsideration, 5/1/15, at unnumbered 2. Appellant requested that the trial court either suspend the imposition of total confinement, reduce the judgment of sentence to two months time served, or impose six months to three years confinement. *Id*. Appellant did not challenge a discretionary aspect of sentence beyond the imposition of total confinement for a technical
*(Footnote Continued Next Page)*

operation of law, he filed a notice of appeal. The ensuing Rule 1925(b) statement raised thirty-one enumerated issues. The trial court entered an opinion that addressed several of Appellant's claims and deemed the remaining issues waived.[7]

First, we must determine whether the appeal is timely. Pursuant to Pa.R.Crim.P. 708(E), a post-sentence motion for reconsideration does not toll the thirty-day appeal period after a VOP hearing. Herein, Appellant's notice of appeal, which he filed following the denial of his post-sentence motion by operation of law is obviously untimely. Nevertheless, we find a breakdown in the court machinery because the trial court inaccurately advised Appellant of his appeal rights. Specifically, in a post-sentence rights form issued at the close of the VOP hearing, the trial court informed Appellant that if he filed a timely post-sentence motion, the notice of appeal had to be filed within thirty-days of the order denying the motion. ***See*** Verification of Post Sentence Rights, 4/22/15, at 1. This is a patent

*(Footnote Continued)* ────────────

violation nor did he assail the trial court's impartiality or assert that the condition of probation infringed upon his religious freedom.

[7] One month after the trial court issued its Rule 1925(a) opinion, Appellant filed an amended concise statement that rehashed assertions that he had included in the prior statement and purported to assert a novel claim arguing that the trial court failed to craft an individualized sentence. As discussed in the body of this memorandum, that sentencing issue is waived because it was not asserted during sentencing or in the post-sentence motion.

misstatement of the law that is tantamount to a breakdown of the court's operations. *See Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa.Super. 2003) (declining to quash appeal because untimely filing resulted from trial court's misstatement of appeal period under Pa.R.Crim.P. 907(E), which operated as breakdown in court's operation). Accordingly, we treat the notice of appeal as timely filed and address the merits of Appellant's issues that were raised before the trial court and presented in the Rule 1925(b) statement.

Appellant enumerates thirteen issues for our review, which we have condensed into seven broad complaints: (1) Whether the trial court erred in revoking his probation based upon a purported condition of probation that the probation agent lacked authority to enforce; (2) Whether the Commonwealth adduced sufficient evidence to establish the probation violation; (3) Whether the condition of probation that restricted his ability to travel infringed upon his freedom to exercise religion when he attended services at a church that was located outside of the travel area and the probation agent refused to ease the condition to permit him to attend the services he desired; (4) Whether the trial court erred in refusing to recuse from the VOP hearing after exhibiting bias, prejudice, and ill will; (5) Whether the trial court considered facts that were outside of the record; (6) Whether the trial court erred in failing to hold a timely VOP hearing; and (7) Whether the trial court erred in imposing a sentence of total confinement for

a technical violation of the conditions of probation. **See** Appellant's brief at 3-6.

The aggregate complaints that compiled Appellant's third, fourth, and fifth questions are waived pursuant to Pa.R.A.P. 302(a), due his failure to raise them in the trial court. Specifically, Appellant failed to assert before the trial court any issues regarding the restriction of his freedom of religion, the trial court's bias, failure to recuse, or its consideration of extra-judicial facts. Thus, we do not address the merits of those claims.

Our standard of review follows. We review the trial court's decision to revoke probation for an abuse of discretion. **Commonwealth v. MacGregor**, 912 A.2d 315, 317 (Pa.Super. 2006). "Generally, in reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." **Commonwealth v. Kuykendall**, 2 A.3d 559 (Pa.Super. 2010); **Commonwealth v. Cartrette**, 83 A.3d 1030, 1033 n.1 (Pa.Super. 2013) (*en banc*) (Superior Court's scope of review includes claim challenging discretionary aspects of sentence following revocation of probation).

Appellant's first preserved legal argument challenges the propriety of the court's finding of a probation violation. Essentially, he argues that, since the travel restriction that he was found to have violated was not imposed by

a court, it could not be considered grounds to revoke his probation. We reject Appellant's characterization of the probation condition and his legal argument.

Appellant invokes *MacGregor*, *supra*, for the legal proposition that conditions of probation that are not imposed by the sentencing court cannot be grounds for violation. In *MacGregor*, we vacated a judgment of sentence that was imposed after a **probation** revocation based on a condition of **parole** that was recited on a preprinted form applicable to **parole** rather than the sentencing court. We first observed that "the legislature . . . has specifically empowered the court, not the probation offices and not any individual probation officers, to impose the terms of probation." *Id*. at 317. Then, noting that the pertinent condition had been "drafted by, and signed by a parole agent as the issuing authority," we reasoned that the record could not sustain the trial court's finding that the appellant violated the terms of his probation. *Id*. at 318.

However, in *Commonwealth v. Elliott*, 50 A.3d 1284 (Pa. 2012), our Supreme Court addressed our holding in *MacGregor* and held that, while neither probation agencies nor probation agents may impose conditions of probation, "the Board and its agents may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court." *Elliott*, 50 A.3d at 1292. It summarized its holding as follows: "a trial court may impose conditions of

probation in a generalized manner, and the Board or its agents may impose more specific conditions of supervision pertaining to that probation, so long as those supervision conditions are in furtherance of the trial court's conditions of probation." *Id*. Thus, despite Appellant's protestations to the contrary, the Board and its agents may, in fact, fashion a specific condition of supervision insofar as it advances the conditions imposed by the trial court. *Id*.

Preliminarily, we observe that *MacGregor* is distinguishable insofar as that case did not involve special probation under § 6133(a). The appellant in that case had served his full term of confinement and was released to a consecutive term of probation. He subsequently violated probation based upon the probation supervisor's imposition of a condition that was listed on a preprinted form outlining the "Special Conditions of Parole." *See MacGregor*, *supra* at 316. Unlike the rote parole condition that was misapplied to the probationer in *MacGregor*, however, Appellant violated a condition that governed his special probation, a restriction that he specifically acknowledged at the outset of the Board's supervision. Moreover, the travel restriction was not reflexively imposed by the probation agent. In reality, as the trial court highlighted in rejecting Appellant's position, the Pennsylvania Code expressly directed the Board to subject Appellant to travel restrictions in this case. Specifically, the Code provides, "A special probationer . . . is subject to the following conditions: (1) Be

under the supervision of a district office or suboffice and not leave that district without prior written permission of the . . . supervision staff." 73 Pa.Code § 65.4. Hence, **MacGregor**, which involves the Board's authority to impose mechanical parole conditions to people on probation following a state sentence, is not dispositive of the case at bar.

The facts of this case align with the relevant facts the High Court addressed in **Elliot**, **supra**, which, like the present case, involved the Board's supervision of a probationer serving special probation under § 6133(a). Instantly, the court-ordered terms of probation included the requirement that Appellant complete all of the conditions of special probation imposed by the Board in its supervisory capacity. Those conditions of supervision, including the express requirement that Appellant remain within the supervising district, were in keeping with the trial court's order that Appellant satisfy all of the responsibilities that probation entailed. Thus, as the High Court recognized in **Elliot**, the Board's supervisory condition was germane to and in furtherance of the general conditions of probation imposed by the trial court. **See Elliott**, **supra** at 1292. Accordingly, no relief is due. **See Commonwealth v. Allshouse**, 33 A.3d 31 (Pa.Super. 2011) (noting that probationer's refusal to comply with supervisory conditions was basis to sustain revocation due to unwillingness to cooperate with the probation office).

Next, Appellant argues that the trial court adduced insufficient evidence to establish that he violated the terms of his probation. While Appellant did not level this objection during the VOP proceedings, a challenge to the sufficiency of the evidence may be raised for the first time on appeal. ***See*** Pa.R.Crim.P. 606(A)(7) (defendant may challenge sufficiency of evidence by leveling challenge on appeal). Thus, we address the merits of this argument.

The Commonwealth bears the burden of proving a probation violation by a preponderance of the evidence. ***Commonwealth v. Shimonvich***, 858 A.2d 132, 134 (Pa.Super. 2004). We outlined the pertinent legal precepts in ***Commonwealth v. Perreault***, 930 A.2d 553, 558 (Pa.Super. 2007). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring [the] probationer from future antisocial conduct."

Appellant contends that the evidence adduced during the VOP hearing did not demonstrate that probation was an ineffective means to achieve his rehabilitation. He posits that he, in fact, has been rehabilitated for the underlying drug offense that is the basis of his sentence of probation. Thus, he opines that, since probation has ceased to serve its original purpose, he should not have been deemed in violation. We disagree.

Contrary to Appellant's assertions, the certified record confirms both the trial court's finding that Appellant violated the terms of probation and its determination that probation has proven ineffective. During the VOP hearing, Probation Agent Anthony Mondello testified that he was the designated agent for sex offenders within the Allentown District. N.T., 4/22/15, at 3. Since Appellant had been convicted of a sex offense in an unrelated case, Agent Mondello was also assigned to supervise his probation in the present case. *Id*. Agent Mondello explained that one of the conditions of Appellant's probation was that he remain within the five-county supervision district. *Id*. at 3. On November 30, 2014, Appellant received a traffic citation in Carbon County, which is outside the Allentown District. *Id*. at 4. Thereafter, on January 15, 2015, Appellant admitted to Agent Mondello that he had violated this specific condition on five separate occasions. *Id*. at 4, 5. Agent Mondello filed the notice of violation one week later. During the VOP hearing, Appellant again acknowledged that he violated this condition of probation, although he attempted to justify the violations as necessary to attend church services. *Id*. at 8-9.

As it relates to whether the probation has proven ineffective, Appellant testified during the VOP hearing that he requested permission to attend religious services outside of the supervision district but Agent Mondello refused consent. *Id*. Specifically, in response to the trial court's inquiry, Appellant recalled, "there was a time [when] Mondello said, 'I'm not allowing

- 11 -

you to go to religious services at all.'" *Id*. at 9. In contrast to Appellant, Agent Mondello denied that Appellant requested to travel outside the district. *Id*. In fact, he declared, "I have no idea why he was traveling outside the district." *Id*. at 6.

In finding that the Commonwealth established by a preponderance of evidence that Appellant violated the conditions of probation and that probation has proven ineffective, the trial court concluded, "To me it's a very clear violation, [Appellant] admitted leaving [the district], he received a citation outside of it. . . . I believe factually the agent's statement that he did not allow [Appellant] to leave, therefore, I find [a] violation." *Id*. at 10. In the Rule 1925(a) opinion, the trial court expounded,

> This Court was not satisfied with Appellant's conduct while on probation. His uncooperative attitude, disregard for the rules and conditions of supervision, and disrespect of this Court's authority were all indications that probation was not serving its rehabilitative purposes or deterring antisocial conduct. The Appellant is under court supervision for a set period of time as an alternative to incarceration. Whether or not he has been rehabilitated is not his judgment to make. Appellant cannot bend or choose which rules apply to him while under supervision.

Trial Court Opinion, 1/19/16, at 16-17.

Thus, reviewing the record in the light most favorable to the Commonwealth as the verdict winner, it is clear that Appellant disregarded the condition of probation that limited his travel outside of the district and then lied to the trial court about having entreated Agent Mondello for permission, only to be arbitrarily denied. Appellant's repeated defiance of

the travel constraints evince his aversion to the Board's supervision. All of the foregoing evidence supports both the trial court's determination that a violation existed and its finding that Appellant's attempt to obscure his malfeasance demonstrates that probation has been ineffective. Accordingly, Appellant's claim fails.

Appellant's third preserved argument asserts that the trial court erred in failing to hold a timely VOP hearing pursuant to Pa.R.Crim.P. 708(b)(1), governing the administration of VOP proceedings. That rule provides in pertinent part as follows:

> (B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
>
> (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B).

This Court has interpreted "speedily as possible" as requiring a hearing within a reasonable time. *Commonwealth v. Christmas*, 995 A.2d 1259, 1262 (Pa.Super. 2010). There is no presumptive reasonable period in which the Commonwealth must revoke probation. *Id*. at 1263. Instead, courts must consider whether the delay was reasonable under the circumstances of the specific case and whether the defendant was prejudiced by the delay.

*Id*. "In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay." *Id*. (quoting **Commonwealth v. Woods**, 965 A.2d 1225, 1227 (Pa.Super. 2009)).

Appellant complains that Agent Mondello did not file a notice of violation in this case until three months after Appellant was issued a traffic citation outside of the Allentown District, and the VOP hearing was not conducted until the following month. Thus, Appellant posits that the four month delay between the technical violation and the VOP hearing was not only unreasonable but also prejudicial to his defense. As to the latter assertion, he argues that the delay "caused loss of witnesses that could have testified [about] the nature of his travel [to Carbon County]" and refuted the Agent Mondello's testimony that Appellant failed to request permission to leave the area to attend religious services. Appellant's brief at 27. Neither of these assertions has merit.

First, the four-month delay is not unreasonable. As we stated in **Christmas**, *supra* at 1263, "When examining the reasons for the delay, the court looks at the circumstances surrounding the delay to determine whether the Commonwealth acted with due diligence in scheduling the revocation hearing." Agent Mondello explained that, while Appellant received a traffic violation in Carbon County on November 30, 2014, the Board did not discover Appellant's violations until January 15, 2015, when Appellant

- 14 -

admitted to Agent Mondello and a member of his staff that he had traveled to Carbon County on approximately five occasions while under the Board's supervision. Agent Mondello issued notice of the probation violation seven days later, and the VOP hearing occurred within one month. As the notice was issued within seven days of the date the Board discovered the violation, we reject Appellant's claim that the delay was unreasonable. Moreover, starting with the date that the Commonwealth received notice of Appellant's traffic violation in Carbon County and Appellant's acknowledged violations of the travel restrictions, all of the events leading to the VOP hearing one month later proceeded in a timely fashion. Appellant's assertion of unreasonable delay is meritless.

Furthermore, Appellant's claim of prejudice is specious. While Appellant makes vague references to witnesses who would have testified on his behalf but for the purported delay, he neglected to identify the witnesses, assert their unavailability during the VOP hearing, or explain how the purported delay caused their absence. No relief is due.

Finally, Appellant levels several challenges to the discretionary aspect of his sentence. Our standard of review when an appeal challenges the discretionary aspect of sentencing requires that this Court conduct a four-part analysis to determine: (1) whether Appellant has filed a timely notice of appeal; (2) whether the issue was preserved at sentencing or in a motion to modify the sentence; (3) whether the brief contains a statement of the

reasons relied upon for the appeal in compliance with Pa.R.A.P 2119(f), and; (4) whether there is a substantial question that the sentence appealed from is not appropriate under the sentencing code. ***Commonwealth v. Bullock,*** 948 A.2d 818, 825-826 (Pa. Super. 2008).

Instantly, we have judged Appellant's notice of appeal timely. However, only one of the litany of challenges that Appellant raised pursuant to Rule 1925(b) and Rule 2119(f) were actually asserted in the trial court, *i.e.*, the trial court erred in imposing total confinement for violating a technical condition of probation. While Appellant raised several challenges for the first time in his Rule 1925(b) statement, those claims are not reviewable. ***See Steiner v. Markel***, 968 A.2d 1253, 1257 (Pa. 2009) (including issue in Rule 1925(b) statement will not cure failure to raise issue below). Accordingly, we limit our review to the isolated issue regarding the imposition of total confinement, which we find raises a substantial question that the sentence is inappropriate under the sentencing code. ***See Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa.Super. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'").

In ***Crump***, we reiterated the following pertinent principles:

> When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. § 9771. ***Commonwealth v.***

*Ferguson*, [893 A.2d 735 (Pa.Super. 2006)]. Under 42 Pa.C.S. § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist:

1. the defendant has been convicted of another crime; or

2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

3. such a sentence is essential to vindicate the authority of the court.

*Crump*, *supra*, at 1282-1283. "Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Id*. at 1282. The trial court does not have to engage in a lengthy discourse of its reasons for imposing a given sentence or specifically identify the statute in question. *Id*. at 1283. However, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id*.

Herein, the trial court indicated that confinement was necessary to vindicate its authority. It justified the sentence of confinement as follows:

In the present case, prior to imposing sentence, this Court had the benefit of recommendations from the Lackawanna County Adult Probation and Parole Department, as well as the presentence investigation report from the sentence that Appellant violated, which were reviewed in their entirety. This Court considered the underlying sentence imposed, the guidelines ranges the Appellant was facing, and the fact that Appellant was given a sentence in the mitigated range, and the fact that Appellant did not abide by this Court's sentence.

. . . .

- 17 -

> As discussed throughout this opinion, **Appellant has failed to follow the sentence imposed and blatantly disrespects the authority and supervision of this Court**. As such, this Court imposed an appropriate sentence, which considered all facts and circumstances, the guidelines, and the purposes of sentencing. Therefore, since no abuse of discretion occurred, this Court's April 22, 2015 sentence should be affirmed.

*Id*. at 32 (emphasis added).

In sum, the court concluded that total confinement was warranted pursuant to 42 Pa.C.S. § 9771(c) (2) and (3). Appellant's course of conduct while he was on special probation demonstrated his disdain for the Board's supervision, the trial court's directions, and the need for total confinement. Appellant knowingly disregarded the conditions of special probation and traveled outside of the designated area without permission on several occasions. Indeed, but for the isolated traffic citation he received in Carbon County during November 2014, the trial court would never have discovered that Appellant was openly flaunting the conditions of special probation. Even after being discovered, however, Appellant attempted to deflect accountability by alleging that Agent Mondello arbitrarily refused his request to attend church services outside the district. Moreover, the court observed that, while Appellant was serving probation, he had been discharged from his sex offender treatment due to his "failure to complete assignments, dishonesty, and manipulative behaviors," including an attempt to circumvent social media restrictions by instructing a third party to open a Facebook

account on his behalf and post photos of Appellant at his direction. Trial Court Order, 4/22/15, at 1-2.

In light of Appellant's disregard for the conditions governing his probation and his attempt to avoid responsibility for his transgressions, we do not disturb the trial court's determination that confinement was warranted to vindicate its authority.

Judgement of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/28/2016